LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* JACKSON.

ATKINSON, J.  1. The petition as amended was not subject to any of the grounds of general or special demurrer.

2. On the trial the case was developed more fully by the evidence than as alleged in the petition.

3. "It is a general rule that the rightful and proper exercise of a lawful power or authority 'can not afford a basis for an action.' "  2 Elliott on Railroads (2d ed.), § 1057.  Accordingly where a railroad company purchased land from a proprietor and received a deed conveying it in

fee, on which it located its railroad tracks, and thereafter, with the proprietor, who had retained land other than that so conveyed, consented for the county authorities to establish, in front of the residence of the proprietor, an overhead public crossing over the railroad tracks, and the railroad company under authority of the proper county officials constructed a bridge and abutment thereto by means of an embankment in the public road in front of the residence, the embankment being such as was reasonably necessary to afford means of access to the bridge by the public using the road, and the bridge being such as was reasonably necessary for the purposes for which it was intended, the fact that the bridge and embankment might obstruct the view from the residence would not afford the proprietor a cause of action for damages on that account.

(a) In an action for damages on account of the construction of such a bridge and embankment, where one of the elements of damages laid was predicated on alleged obstruction of the view from the plaintiff's residence, and the undisputed evidence showed the facts to be as above indicated, it was erroneous to instruct the jury in such manner as to authorize them to consider obstruction of the view from the plaintiff's residence as a basis of damages, and to give weight to its effect on the market value of the plaintiff's property.

4. Although the railroad company had the right to build the bridge and embankment for the purposes stated, if the construction was executed in such manner as to obstruct or divert the flow of rain-water so that it would empty on the proprietor's land to such an extent as to cause injury thereto, the diversion of the water with such result would give rise to a cause of action. 2 Elliott on Railroads (2d ed.), § 1057, and cases cited under note 39.

(a) The injury being permanent in its nature, the measure of damage, in the absence of special damages, would be the diminution of the market value. *Hodges* v. *Pine Product Co.*, 135 *Ga.* 134 (3), 138 (68 S. E. 1107, 33 L. R. A. (N. S.) 74, 21 Ann. Cas. 1052).

5. If the proprietor consented to the location and the manner in which the bridge and embankment were constructed, she could not recover for the injury resulting from diversion of the water on to her premises.

6. In an action for damages resulting from causes indicated in the fourth note, where it appeared that the plaintiff saw the work from its inception until it was nearly completed, and there was no evidence to show that the railroad company or its agents had done anything to deceive her, it was erroneous, after instructing the jury in accordance with the ruling announced in the fifth note, to qualify such instruction by a statement to the effect that as a condition to non-liability of the defendant the plaintiff must not have been "misled or deceived."

*Judgment reversed. All the Justices concur.*

FEBRUARY 27, 1913.

Action for damages. Before Judge Fite. Murray superior court. August 4, 1911.

*D. W. Blair* and *C. N. King,* for plaintiff in error.

*W. E. Mann, J. J. Bates,* and *W. C. Martin,* contra.